UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-60275-CIV-SEITZ/MCALILEY

PAUL CORLEY,

    Plaintiff,

v.

OSPREY SHIP MANAGEMENT, INC.
And M/C SP5 ERIC G. GIBSON,

    Defendants.
_____/

## ORDER DISMISSING CASE FOR IMPROPER VENUE

THIS MATTER is before the Court on the motion to dismiss for improper venue of Defendant Osprey Ship Management, Inc. ("Osprey") [DE 18]. Defendant Osprey claims that venue is improper because it neither resides nor has its principal office located in the this jurisdiction. Having reviewed the motion, and the relevant case law, Osprey's motion is granted and this case is dismissed for improper venue.[1]

Plaintiff brings this action under 46 App USCA § 688, commonly known as the "Jones Act."[2] The Act states:

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

46 App USCA § 688 (2006). The last sentence of this provision clearly states that the action must be brought in "the court of the district in which the defendant employer resides or in which his principal office is

---

[1] The Court notes that Plaintiff failed to respond to Defendant's motion to dismiss.

[2] When Plaintiff filed this case, the Jones Act was codified in 46 USC Appx § 688. However, on October 10, 2006, the Jones Act was re-codified as 46 USC § 30104.

located."[3]

Here, Plaintiff only makes the general conclusory statement that "Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, Defendants do a substantial amount of its business in this District, and Plaintiff resides in this District." (Complaint ¶ 2.) Under the statute, such allegations are insufficient to properly claim that venue is proper as Plaintiff does not claim that Defendant resides or has a principal office in this District. *Buckley v. Robertson*, 1997 U.S. Dist. LEXIS 6686, at * 10 (D. Ala. March 11, 1997) (holding that once an objection to venue has been raised, Plaintiff bears the burden of making a prima facie showing of venue). Thus, Plaintiff has failed to factually support his assertion that venue is proper.

In claiming that the events giving rise to the claim occurred in the district and that Defendant does a substantial amount of business in the district, Plaintiff seems to be improperly relying on 28 USC § 1391, the general venue provision under the federal rules, which states:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 USC § 1391(2007). However, even applying this provision, Plaintiff fails to allege any facts which would support his contention that venue is proper. As mentioned, Plaintiff only makes conclusory statements that a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendants do a substantial amount of its business in this District.[4] In contrast, Defendants have presented facts that indicate that (1) Defendant was incorporated in Delaware and its principal office is in Maryland; (2) the

---

[3] Although the applicable version of the Jones Act uses the word "jurisdiction" rather than "venue," courts have consistently interpreted this provision to refer to venue. *Panama R. Co. v. Johnson*, 264 U.S. 375, 385 (U.S. 1924). Additionally, in the October 2006 Amendment to the Jones Act, the last sentence was moved into a separate subsection that states, "Venue. An action under this section shall be brought in the judicial district in which the employer resides or the employer's principal office is located." 46 USCS § 30104(b) (2007).

[4] As stated above, Plaintiff also alleges that venue is proper because he lives in the District. (Complaint ¶ 2.)

events or omissions giving rise to the claim occurred in Salif, Yemen; and (3) no defendant may be found in this District. (Defendants Motion to Dismiss, Exh. A (Affidavit of Erik Fiske) ¶¶ 4-20.) Plaintiff fails to respond to Defendant's factual allegations. Further, Plaintiff's residence is not a grounds for proper venue under the statute. Thus, even if the Court were to use the general venue provision, rather than the one specifically incorporated into the Jones Act, Plaintiff would still have still failed to plead that venue is proper.[5] *See Buckley,* 1997 U.S. Dist. LEXIS 6686 at * 10 (holding that plaintiff must controvert the facts included in defendant's affiavits.) Under the statute, venue would be proper in the district where the Defendant resides or has a principal office, which appears to be the appropriate district in Delaware or Maryland, respectively. Accordingly, it is hereby

ORDERED that

(1)  Defendant Osprey's Motion to Dismiss [DE 18] is GRANTED.

(2)  This case is DISMISSED WITHOUT PREJUDICE. Plaintiff may re-file this claim in the appropriate district court.

(3)  All motions not otherwise ruled upon are DENIED AS MOOT.

(4)  This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 24th day of January, 2007.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[5] Even though the current motion is only brought by Defendant Osprey, venue would also be improper as to Defendant-Vessel, M/C SP5 Eric G. Gibson (the "Vessel"). The Vessel was not near Florida when the events giving rise to the claim occurred and the Vessel was never used in Florida. (Defendants Motion to Dismiss, Exh. A ¶¶ 15, 25.)